**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JONATHAN WILLIFORD (#7700032441)**             **CIVIL ACTION NO.**

**VERSUS**                                        **19-751-JWD-EWD**

**BENJAMIN THOMAS BALLARD, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 24, 2020.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JONATHAN WILLIFORD (#7700032441)**         **CIVIL ACTION NO.**

**VERSUS**                                                                    **19-751-JWD-EWD**

**BENJAMIN THOMAS BALLARD, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

This matter comes before the Court on a motion by Benjamin Thomas Ballard, Jason Ard, and Jeff Landry ("Respondents") to dismiss a petition for a writ of habeas corpus[1] filed by Jonathan Williford ("Petitioner"). Petitioner has filed an opposition memorandum.[2] Pursuant to the *Younger* abstention doctrine, it is recommended that the Court decline jurisdiction and dismiss the case on its own motion.

**I.    BACKGROUND**

On September 4, 2019 Petitioner was charged in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, with domestic abuse aggravated assault in violation of Louisiana Revised Statute 14:37.7, and with domestic abuse battery in violation of Louisiana Revised Statute 14:35.3, for the alleged battery of Jocelyn Calvillo, who is also the mother of Petitioner's minor son.[3] On August 28, 2019,[4] Petitioner filed a "Writ of Habeas Corpus" in the state court, alleging that he is entitled to the "'sovereign identity exception' as a result of a class action civil suit brought by the surviving family members of the Branch Davidians and Ruby Ridge Survivors that clearly state <u>All</u> survivors are to retain the immunity of the sovereign," lack of "enacting provisions" under the Louisiana Government Code, denial of

---

[1] R. Doc. 10.
[2] R. Doc. 14.
[3] R. Doc. 11, pp. 18-19.
[4] The writ was not filed until September 4, 2019 but is dated August 28, 2019.

corporate existence, failure of the arresting office to provide the contact information for the municipal bonding agency, violation of due process rights, documented false allegations by the victim, and gender discrimination (because the victim was allowed to make false claims but Petitioner's phone calls to provide his criminal complaint were ignored).[5]  The trial court denied the writ for "inadequate grounds stated," on September 10, 2019.[6]  Petitioner filed a notice of appeal of the trial court's denial of his writ of habeas corpus on October 22, 2019.  After this action was filed, the First Circuit denied the writ on January 6, 2020.[7]

Petitioner was assigned a public defender to represent him on the state criminal charges, but also continued to file motions *pro se*, including a "Motion to Quash/Denial of Due Process/Substantif/Procedural;"[8] a Motion to Reconsider/or Notice of Appeal, asking for reconsideration of the trial court's denial of his request for bond reduction;[9] and a "Motion to Quash/ (Dismiss) Denial of Denial of Speedy Trial."[10]  Petitioner also filed a "Notice of Removal" on October 6, 2019[11] and a "Supplemental Notice of Removal"[12] on October 22, 2019 in state court.  Petitioner was set to have a pre-trial conference and hearing on Petitioner's Motion for Preliminary Examination on December 5, 2019 and a trial date had not yet been scheduled in the state criminal proceedings as of the time the state court record was provided.[13]

On or about October 30, 2019, Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, asserting four grounds for relief: (1) he is innocent of the crime of which he is accused in state court, (2) he is a "non-citizen national," who is "not a

---

[5] R. Doc. 11, pp. 7-8 (emphasis in original).
[6] R. Doc. 11, pp. 9-10.
[7] R. Doc. 10-2.
[8] R. Doc. 11, pp. 110-111.
[9] R. Doc. 11, p. 112.
[10] R. Doc. 11, p. 113.
[11] R. Doc. 11, p. 100.
[12] R. Doc. 11, p. 109.
[13] R. Doc. 11, p. 146.

2

coporation [sic] created under the Laws of the 'State of Louisiana'" (3) his matter involves interstate commerce because his wife "fled to Carlsbad New Mexico" with Petitioner's son, and (4) he is unable to enforce his parental rights in the state courts. Petitioner is asking for his criminal case to be removed to federal court and for bail. Petitioner is also seeking an "ex-parte emergency ruling for home state jurisdiction pending custody" of his son from this Court.[14]

## II.  ARGUMENTS OF THE PARTIES

Respondents argue that Petitioner's application for a writ of habeas corpus should be dismissed for three reasons: (1) the Court lacks subject matter jurisdiction because Petitioner does not meet the "in custody" requirement for a petitioner under § 2254, (2) alternatively, if the Court construes Petitioner's writ under 28 U.S.C. § 2241, Petitioner's claims are unexhausted and he has failed to establish "extraordinary circumstances" required for subject matter jurisdiction, and (3) alternatively, Petitioner's claims arise from his contention that he is a "sovereign citizen," which is frivolous and should be dismissed pursuant to 28 U.S.C.A § 1915(e)(2)(i).[15]

Petitioner opposes the Motion to Dismiss. He concedes that this Court lacks subject matter jurisdiction under 28 U.S.C.A. § 2254 but asks the Court to construe his petition under 28 U.S.C.A. § 2241, as he is a pre-trial detainee. Petitioner further concedes that he has not exhausted his administrative remedies but asks the Court to hear his petition due to extraordinary circumstances. Particularly, Petitioner contends that his wife forged his signature on his minor son's passport and his parental rights are in "clear and immediate peril." Lastly, Petitioner clarifies his position on

---

[14] R. Doc. 1, p. 18. This appears to be an attempt to invoke the provisions of the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA"), which grants priority to a child's home state for jurisdiction over a child custody dispute, even if the child has been removed from the jurisdiction, if the jurisdiction was the child's home state within 6 months of the commencement of the proceedings and the child's parent continues to live in the state after the child has been removed. The UCCJEA does not create any federal right of action, as it is a state procedural act. *See Loeb v. Vergara*, No. 18-3165, 326 F.Supp.3d 295, 305-06 (E.D. La. May 18, 2018).
[15] R. Doc. 10-1.

"sovereign citizenship," stating that he does not claim immunity from legal proceedings but does believe that he is entitled to a different set of regulations.[16]

### III. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION BASED ON *YOUNGER* ABSTENTION

Although Respondents did not argue for dismissal based on abstention, the Court can raise the appropriateness of abstention on its own motion.[17] The United States Supreme Court decision in *Younger v. Harris* generally stands for the proposition that, absent extraordinary circumstances, federal courts should not interfere with ongoing state criminal prosecutions.[18] The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendants' claims when three conditions are met: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.[19] "If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.'"[20]

"Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"[21] In *Younger,* the Supreme Court held that a federal court issuing an injunction preventing state prosecution would interfere with an ongoing state proceeding.[22]  Like

---

[16] R. Doc. 14.
[17] *See Murphy v. Uncle Ben's, Inc.* 168 F.3d 734, 737 n.1 (5th Cir. 1999), *citing Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n. 16 (5th Cir. 1977).
[18] *Younger v. Harris*, 401 U.S. 37, 46 (1971); *see also DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The *Younger* doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending.").
[19] *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012), *citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982) (internal citations omitted).
[20] *Bice*, 677 F.3d at 717, *citing Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).
[21] *Bice,* 677 F.3d at 717, *quoting Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002).
[22] 401 U.S. at 41.

the movant in *Younger,* Petitioner is still being prosecuted. As of this Court's receipt of the trial court record, Petitioner did not yet have a trial date,[23] no had the trial court ruled on certain of his *pro se* motions. Thus, if the Court were to exercise jurisdiction, it would interfere with the state court's ability to conduct its ongoing criminal proceedings.

Second, the state must have "an important interest in regulating the subject matter of the claim."[24] "The state has a strong interest in enforcing its criminal laws."[25] The Fifth Circuit has held that "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."[26] Because the Louisiana state court in Livingston Parish is prosecuting Petitioner under Louisiana Revised Statutes 14:35.3 and 14:37.7, criminal statutes, Louisiana has an important interest in the case.

Third, the plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges."[27] Here, Petitioner has an opportunity to raise constitutional challenges and assert his innocence during his state trial proceedings. He will have the opportunity to appeal the court's decision if convicted, and to further seek redress of any constitutional violations through Louisiana's post-conviction relief procedures. Thus, Petitioner has an opportunity to raise constitutional challenges in state proceedings.[28]

A federal court may disregard *Younger* and exercise jurisdiction if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the petitioner; (2) the state

---

[23] R. Doc. 11.
[24] *Bice,* 677 F.3d at 717.
[25] *DeSpain,* 731 F.2d at 1176.
[26] *Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 86 (5th Cir.1992), *citing Younger,* 401 U.S. at 41.
[27] *Bice,* 677 F.3d at 716, *quoting Middlesex,* 457 U.S. at 432.
[28] To the extent Petitioner tries to argue that he has been, or is likely to be, unsuccessful on his federal constitutional claims in state court, that is irrelevant. The question is whether Petitioner will have an opportunity to raise his constitutional claims in state court. *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). *See also, Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930 (1975)("[P]rinciple underlying *Younger* … is that state courts are fully competent to adjudicate constitutional claims ….")

statute flagrantly violates constitutional prohibitions as written and as applied in any circumstance; or (3) application of the *Younger* doctrine was waived.[29] Petitioner has not made a showing that any of these exceptions apply. He only tangentially seems to argue the first exception by suggesting there is no legitimate basis for the state criminal charges against him. A state court is in bad faith only when it has "no hope of obtaining a valid conviction."[30] Here, a warrant for Petitioner's arrest related to the charged offenses was signed by a judge based on a probable cause affidavit submitted by a law enforcement officer.[31] Additionally, the state court record contains statements from the alleged victim and one of her minor children regarding the incident.[32] The incident report also describes a video provided by one of the minor children of the incident.[33] Under these facts, it cannot be said that the state has no hope of obtaining Petitioner's conviction on the charged offenses or that the purpose of the state court proceeding was harassment.[34]

## IV.    CONCLUSION AND RECOMMENDATION

The 3-pronged test of the *Younger* abstention doctrine is met in this case. This Court's exercise of jurisdiction would interfere with Petitioner's ongoing state criminal proceedings, in which the State of Louisiana has an important interest, and Petitioner will have an adequate opportunity to raise constitutional challenges in the state proceedings. Further, Petitioner has not established that any exceptions to the abstention doctrine apply. Accordingly, this Court should

---

[29] *Earle*, 388 F.3d at 519 (5th Cir. 2004).
[30] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971), *citing Younger*, 401 U.S. at 41.
[31] R. Doc. 11, pp. 50-51.
[32] R. Doc. 11, p. 89-90.
[33] R. Doc. 11, p. 98.
[34] To the extent the Petitioner seeks to argue that the victim made the complaint that forms the basis of his criminal proceedings for the purposes of harassment, that is insufficient to establish an exception to *Younger* abstention. For the bad faith exception to apply, it is the state that must be shown to have commenced a prosecution in retaliation or to deter constitutionally protected conduct. *See All American Check Cashing, Inc. v. Corley*, 191 F.Supp.3d 646, 660 (S.D. Miss. March 22, 2016)(citations omitted).

decline to exercise jurisdiction and Petitioner's writ should be dismissed on the Court's own motion.[35]

**IT IS RECOMMENDED** that the Court decline to exercise jurisdiction on its own motion based on the *Younger* abstention doctrine and that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody[36] be **DISMISSED WITHOUT PREJUDICE** and that the Motion to Dismiss,[37] filed by Respondents Benjamin Thomas Ballard, Jason Ard and Jeff Landry, be **TERMINATED AS MOOT**.

Signed in Baton Rouge, Louisiana, on August 24, 2020.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] As for Petitioner's claims that the Court should assert jurisdiction over his child custody dispute, it is well-established that federal courts do not have jurisdiction to decide domestic relations disputes. *See Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983) ("issues of domestic relations are the province of state courts, going back to *Ex parte Burrus*."). The Fifth Circuit has held that the domestic relations exception applies to prevent federal courts from issuing or modifying "a divorce, alimony, or child custody decree." *Saloom v. Texas Dept. of Family and Child Protective Services*, 578 Fed.Appx. 426, 429-30 (5th Cir. 2014), *quoting Ankenbrandt v. Richards*, 504 U.S. 689, 701-02 (1992). "Thus, federal courts generally abstain from resolving cases involving intrafamily relations," such as child custody actions. *Evans v. Williamson Cty. Gov't, Tex.*, No. 15-436, 2015 WL 4621449, at *5 (W.D. Tex. May 28, 2015); *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (as a general rule, federal courts refuse to hear domestic disputes, including child custody actions and disputes over visitation rights); *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989) (acknowledging that federal courts have traditionally abstained from domestic relations cases because of strong state interest and competence in the issues presented by such cases); *Goins v. Goins*, 777 F.2d 1059, 1062 (5th Cir. 1985) ("The state court has a strong interest in and the expertise to decide domestic issues which federal courts lack.").

[36] R. Doc. 1.

[37] R. Doc. 10.